UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 5:26-03771-RAO** | Date | August 13, 2026 |
| Title | ***Joel Carrillo Franco v. Fereti Semaia et al.*** | Page | 1 of 4 |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| Cindy Delgado | n/a |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| n/a | n/a |

**Proceedings: IN CHAMBERS—ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Joel Carrillo Franco was detained by Immigration and Customs Enforcement (“ICE”) on February 22, 2026. On July 8, 2026, Petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1 (“Pet.”). The Petition seeks Petitioner’s immediate release, or alternatively, an individualized bond hearing before an immigration judge.

I. Pertinent Factual and Procedural Background

The Court recites the pertinent factual background set forth in the Petition: Petitioner is a citizen of Mexico who entered the United States on or about March 1997. Pet. at 8. Petitioner fled Mexico due to persecution on account of his sexual orientation. *Id.* Petitioner filed applications for asylum, withholding of removal under 8 U.S.C. § 1231, and protection under the Convention Against Torture. *Id.* The immigration court denied relief, and Petitioner timely appealed to the Board of Immigration Appeals (“BIA”) in 2013. *Id.* After the BIA dismissed the appeal, Petitioner filed a petition for review with the Ninth Circuit in 2014. *Id.* The Ninth Circuit remanded to the BIA in 2017, which in turn remanded the matter to the immigration judge. *Id.* In 2024, Petitioner’s prior removal proceedings were completed when an immigration judge dismissed the cases. *Id.* On February 22, 2026, during an ICE operation targeting location of a different person, Petitioner was detained and arrested without a warrant. *Id.* at 9. Petitioner has two California criminal convictions – a 2011 conviction for driving without a license and a 2013 conviction for possession of a controlled substance. *Id.* at 10; *see also* Dkt. No. 1-7. On February 22, 2026, the date ICE detained Petitioner, a new Notice to Appear (“NTA”) was issued. Pet. at 10-11. The NTA alleges that Petitioner is not a citizen, he entered the United States at an unknown place on an unknown date, and that he was not admitted or paroled after inspection by an immigration officer. *Id.* at 11; *see also* Dkt. No. 1-3. Petitioner’s current removal proceedings remain pending before the immigration court. Pet. at 11. To date, he has not been provided an individualized bond hearing. *Id.*

The Petition raises three claims: (1) a violation of 8 U.S.C. § 1357(a)(2) and the Fifth Amendment – unlawful warrantless arrest without required likelihood of escape determination (ground one); (2) a Fifth Amendment violation of due process – detention flowing from unlawful warrantless arrest and continued detention without current neutral custody determination (ground two); and (3) a violation of 8 U.S.C. § 1226(a) and *Maldonado Bautista* (ground three). Pet. at 18-24.

Respondents argue in their Answer that Petitioner's warrantless arrest claim does not entitle him to release. Dkt. No. 10 ("Ans."). Respondents note that Petitioner has since been placed in removal proceedings and that agency records document an attempt to evade arrest. *Id.* at 2-3. With respect to Petitioner's claim that he is subject to detention under Section 1226(a), Respondents assert, assuming this statute governs Petitioner's detention, then he is entitled—at most—to an individualized bond hearing before an immigration judge. *Id.* at 3. The Answer also states that ICE served Petitioner with a *Bautista* class notice on February 22, 2026, and accordingly, he is bond eligible. *Id.* at 4.

In his Reply, *inter alia*, Petitioner asks the Court to order immediate release as the appropriate remedy for his unlawful, warrantless arrest. Dkt. No. 11. If release is not ordered, Petitioner seeks a constitutionally adequate bond hearing. *Id.* at 10-11

II. <u>Legal Standard</u>

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

III. <u>Discussion</u>

Ground one contends that Petitioner is entitled to release under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8 because he was arrested without an administrative arrest warrant. Pet. at 18-19.

The Immigration and Nationality Act permits an immigration officer to arrest a noncitizen without a warrant when the officer "has reason to believe that the noncitizen so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357.

Pursuant to a request for supplemental briefing, Respondents provided a copy of Petitioner's administrative warrant, dated February 22, 2026. Dkt. No. 13-1. The warrant sets forth the basis for believing Petitioner is removable and includes a certification of service on Petitioner. *Id*. Additionally, Respondents' Answer to the Petition, *see* Dkt. No. 10, points to documents attached to the Petition reflecting that Petitioner did not comply with immigration agents' directions when the agents encountered him on February 22, 2026. Dkt. No. 10 at 2-3; *see also* Dkt. No. 1-2 (Form I-213) at 3 ("driver did not yield"; "Subject did not comply"). Because count one rests on the erroneous assumption that Petitioner was arrested without a warrant, the arguments supporting this claim fall with the premise. Accordingly, the Court denies ground one.[1]

In ground two, Petitioner asserts a Fifth Amendment due process violation – detention flowing from an unlawful warrantless arrest and continued detention without current neutral custody determination. Pet. at 20-22. As noted above, the record does not support Petitioner's claim of an unlawful arrest. Accordingly, the Court denies ground two.

Petitioner's last claim, ground three, alleges that Respondents wrongfully have deprived him of an individualized custody determination under *Maldonado Bautista*. Pet. at 22-24. Respondents do not oppose Petitioner's request for a bond hearing, noting that Petitioner has been served with a *Bautista* class notice. The Court agrees that Petitioner appears to be a member of the bond-eligible class certified in *Bautista*. Accordingly, the Court grants the Petition as to ground three.

IV. <u>Conclusion</u>

The Court GRANTS the Petition IN PART as to ground three and DENIES it as to the remaining ground. The Court orders Respondents to provide Petitioner with an individualized bond hearing before an immigration judge within seven days of the entry of this order, as required by *Maldonado Bautista*. Within 10 days of the entry of this order, Respondents shall file a status

---

[1] As best the Court can glean from the limited record before it, the administrative warrant appears to have been served on Petitioner after he was taken into custody. Regardless of the sequence of events with respect to the issuance and service of the warrant, the legal basis for the warrant is undisputed—Petitioner appears to be unlawfully present in the United States. Petitioner's alleged unlawful status plus statements in the record regarding his refusal to yield or otherwise comply with orders, provides the requisite probable cause for issuance of the administrative arrest warrant. *Su v. Robbins*, 2026 WL 1601904, at *3 (C.D. Cal. May 29, 2026); *see also* 8 C.F.R. 287.8(c)(2)(i)-(ii).

report substantiating compliance with the Court's order, as well as informing the Court of the outcome of the bond hearing.

**IT IS SO ORDERED**.